Christopher Humphrey
Humphrey & Associates, P.C.
416 West 24th St.
Cheyenne, WY 82001
Telephone: 307-222-4946
Telefax: 307-464-3448
E-mail: chris@humphreylegal.net

*Attorney for the Defendant Phillip Dobbins*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 21-CR-00084-NDF-1 |
| | ). | 21-CR-00128-NDF-1 |
| v. | ) | |
| | ) | |
| Phillip Dobbins | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT'S SECOND MOTION TO CONTINUE TRIAL**

**COMES NOW,** the Defendant, Phillip Dobbins, by and through Counsel, Christopher Humphrey of Humphrey & Associates, P.C., hereby moves the court for an order continuing the jury trial in this matter scheduled for April 11, 2022, for the following reasons:

1. Counsel has requested additional discovery in the form of dashcam video evidence and police reports from a March 5, 2021 traffic stop, and a November 10, 2019 traffic stop.

2. All evidence from the November 10, 2019 traffic stop was suppressed on September 1, 2021 in Montana by a Montana district court.

3. The March 5, 2021 stop was dismissed with prejudice by the prosecutor in Montana.

4. Counsel needs additional time to evaluate what evidence, if any, might be fruit of an unconstitutional search.

5.  Counsel has contacted Mr. Dobbins' attorneys in Montana and is hoping to get copies of the dash camera footage and police report used in the November 10, 2019 suppression.

6.  The United States Attorney's Office is also working to secure this additional evidence.

7.  Once we receive this additional discovery, Counsel would like additional time to review this data.

8.  Defendant has been contacted and consents to a continuance.

9.  Counsel for the United States Attorney's Office, Timothy J. Forwood, does not object.

Counsel for the Defense would request additional time for preparation, and failure of this Court to grant a continuance will deny counsel for the Defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."§3161(h)(7)(iv). The periods of delay that may be excluded under the Act are found at § 3161(h)(l)-(8). "The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy trial and serve the public interest in bringing prompt criminal proceedings." *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). The Defense requests that this Court exercise its discretion to approve a continuance pursuant to § 3161(h)(7)(A).

"Delays attributable to the defendant do not weigh against the government." *United States v. Hicks*, 779 F.3d 1163, 1168 (10th Cir. 2015) (*citing United States v. Abdush-Shakur*, 465 F.3d 458, 465 (10th Cir. 2006)). The Defendant is not pursuing a swift resolution in this matter, and in fact prefers a continuance of the hearing Counsel review discovery. The speedy trial act is designed to protect against "oppressive pretrial

incarceration; minimizing anxiety and concern of the accused; and limiting the possibility that the defense will be impaired." *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991) (*citing Barker v. Wingo* , 407 U.S. 514, 532 (1972)).

The district court may exclude from speedy trial calculation "any period of delay resulting from a continuance granted ...  if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A). Several, nonexclusive factors are included under 18 U.S.C. § 3161(h)(7)(B) for the court to consider when granting a continuance under 18 U.S.C. § 3161(h)(7)(A), including "[w]hether the failure to grant such a continuance ... would unreasonably deny the defendant or the Government continuity of counsel, or *would deny counsel for the defendant* or the attorney for the Government the *reasonable time necessary for effective preparation*, taking into account the exercise of due diligence."   18 U.S.C. § 3161(h)(7)(B)(iv).

**WHEREFORE** the Defendant respectfully asks the court to consider 18 U.S.C. § 3161(h)(7)(B)(iv) and grant reasonable continuance of at least thirty (30) *additional* days from the April 11, 2022  trial date to review additional discovery in preparation for trial.

Respectfully submitted this March 10, 2022.

/s/Christopher Humphrey
Counsel for Phillip Dobbins

**CERTIFICATE OF SERVICE**

I, hereby certify that on March 10, 2022, I electronically served *Defendant's Second Motion to Continue Trial* on the CM/ECF System and have served upon all counsel of record a copy of the foregoing document by uploading the document into the electronically filing system, which automatically causes an email notification to be sent to all counsel of record in the case.

Timothy J. Forwood

timothy.forwood@usdoj.gov

Brian Quinn

bdenisquinn@gmail.com

*/s/ Christopher Humphrey*
Christopher Humphrey
Humphrey & Associates, P.C.